IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

MAR - 5 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BETTY J. OVERBY,

        Plaintiff,

v.                                 Civil Action No. 4:08cv39

MICHAEL J. ASTRUE
Commissioner of the Social
Security Administration,

        Defendant.

## OPINION AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Civil Rules of the United States District Court for the Eastern District of Virginia, by Order of Reference filed August 15, 2008, the matter was referred to United States Magistrate Judge James E. Bradberry for report and recommendation. The Report and Recommendation of the Magistrate Judge ("Report") was filed on December 11, 2008, recommending that action on the Commissioner's motion for summary judgment and the plaintiff's motion for summary judgment be deferred, and that the case be remanded to the administrative law judge for further explanation.

### Background

On March 21, 2006, the ALJ issued its determination that the plaintiff was not under a "disability" as defined in the Social Security Act, and that she was capable of performing past relevant work as a retail sales clerk, clerk typist, and data entry clerk. The Report affirmed the ALJ's findings that the plaintiff had not engaged in any substantial gainful activity at any time

after her alleged disability onset date; that the plaintiff's interstitial cystitis and sacroilitis were severe impairments but her alleged depression and anxiety were not severe impairments; and that the plaintiff's impairments were not severe enough to meet or medically equal one of the impairments listed in the Social Security regulations. The Report, however, found that further explanation by the administrative law judge ("ALJ") was necessary before the Magistrate Judge could affirm or deny the ALJ's conclusion that the plaintiff is capable of performing past relevant work. The Report recommended deferring a decision on the summary judgment motions filed by the plaintiff and the Commissioner, and remanding the matter to the ALJ so that the ALJ may identify all of the experts and facts that support his finding on the plaintiff's ability to perform past relevant work.

The factual and procedural background of this case is fully set forth in the Report and need not be reiterated herein. By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within ten (10) days from the date the Report was mailed. On December 22, 2008, the Commissioner objected to the Magistrate Judge's finding that the ALJ did not sufficiently support his conclusion that the plaintiff was capable of performing past relevant work. The Commissioner argues that there is sufficient evidence in the record to support the ALJ's finding, and requests that the court affirm the ALJ's finding that the plaintiff is not disabled. The plaintiff has not filed an objection to the Report, or a response to the Commissioner's objection and the time for doing so has passed.

### Standard of Review

When reviewing a Magistrate Judge's Report, the district judge makes a de novo

determination of those portions of the report to which objections are made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). In addition, the court is authorized to accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C). As the Magistrate Judge properly noted, the scope of judicial review of a decision made by the Commissioner of the Social Security Administration is limited, and the Commissioner's findings will not be disturbed provided they are supported by substantial evidence and in accord with the controlling law. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Substantial evidence is that "which a reasonable mind might accept as adequate to support a conclusion." Hunter, 993 F.2d at 34 (citations omitted). Substantial evidence consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Chater, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The issue before the Magistrate Judge then, and before this court on review of the Report, is not whether the plaintiff is disabled, but whether the Commissioner's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See id.; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## Discussion

The social security regulations (SSR) require an ALJ to conduct a sequential, five-step analysis to determine whether a claimant is entitled to disability benefits:

(1) Is the individual involved in substantial gainful activity?

(2) Does the individual suffer from a severe impairment or combination of impairments which significantly limit his or her physical or mental ability to do work activities?

(3) Does the individual suffer from an impairment or impairments which meet or equal those listed in the C.F.R. at Appendix 1?

(4) Does the individual's impairment or impairments prevent her from performing her past relevant work?

(5) Does the individual's impairment or impairments prevent her from doing any other work?

20 C.F.R. § 404.1520. With respect to step one, the Magistrate Judge affirmed the ALJ's determination that the plaintiff had not engaged in substantial gainful activity at any time after her alleged disability onset date. At step two, the Magistrate Judge affirmed the ALJ's determination that the plaintiff's interstitial cystitis[1] and sacroilitis[2] were severe impairments, but that the plaintiff's alleged depression and anxiety were not severe impairments. At step three, the Magistrate Judge affirmed the ALJ's determination that the plaintiff's impairments were severe, but not severe enough to meet or medically equal one of the impairments listed in C.F.R. at Appendix 1. At step four of the analysis, the ALJ determined that the plaintiff had the residual

---

[1] Interstitial cystitis is a urinary bladder inflammation that predominantly occurs in women, and typically causes frequent urination and pain at the end of urination and upon bladder filling. Dorland's Illustrated Medical Dictionary, 470 (30th ed. 2007).

[2] Sacroilitis is an infection of the spinal bones. "Arthritis," Taber Cyclopedic Medical Dictionary (2002).

4

functional capacity (RFC) for light or sedentary work, and that the plaintiff was capable of performing past relevant work as a retail sales clerk, clerk typist, and data entry clerk. The Magistrate Judge, however, found that the ALJ failed to acknowledge several doctors' reports and failed to indicate how much weight he attributed to those reports. In light of this, the Magistrate Judge concluded that he was unable to determine if the ALJ's decision with respect to step four was supported by substantial evidence. Therefore, the court must determine whether the ALJ considered all the relevant evidence before him, and whether the ALJ properly indicated the weight he attributed to that evidence in finding that the plaintiff is capable of performing past relevant work as a retail sales clerk, clerk typist, and data entry clerk.

The plaintiff bears the burden of proving that she is unable to perform past relevant work. See Thorne v. Wienberger, 530 F.2d 580, 582 (4th Cir. 1976). If the plaintiff is found capable of performing past relevant work, then she will not be considered disabled; however, if the plaintiff is unable to perform past relevant work, then the analysis proceeds on to step five of the analysis, and the burden shifts to the Commissioner. See 20 C.F.R. §§ 404.1566, 416.966 (2000). To make the determination as to whether the plaintiff is capable of performing past relevant work, the court looks to a medical assessment of the plaintiff's RFC. See 20 C.F.R. §§ 404.1545, 416.945. As the Magistrate Judge noted in the Report:

> The RFC provides the court with a report of what the individual can still do despite his or her impairments or combination of impairments as well as a vocational assessment of past job requirements. If a claimant's RFC exceeds requirements of his or her past relevant work, then he or she is determined to be able to return to his or her past relevant work, and the claim can be denied. However, if a claimant's RFC has been reduced below the requirements of his or her past relevant work, then the test at step four is met, and the evaluation proceeds to step five.

Report at 31 (internal citations omitted).

The Fourth Circuit has repeatedly stated that in order for a court to determine whether an ALJ's findings are supported by substantial evidence, the ALJ must "explicitly indicate the weight given to all relevant evidence." Gordon v. Schwelker, 725 F.2d 231, 235-36 (4th Cir. 1984); see also Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980) ("Unless the Secretary explicitly indicates the weight given to all the relevant evidence, we cannot determine on review whether the findings are supported by substantial evidence."); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). As the Fourth Circuit first stated in Arnold, and later reiterated in Gordon and Stawls,

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

Arnold 567 F.2d at 259; see also Gordon, 725 F.2d at 236; Stawls, 596 F.2d at 1213.

In making his finding as to step four, it is clear that the ALJ considered the plaintiff's testimony and assessed her credibility. The ALJ also relied heavily on the doctor reports of Dr. Mark Ross, and discounted the reports by Dr. Lawrence Svihla. The ALJ also generally considered the opinions of the DDS medical consultants, and gave those reports significant weight, but he did not go into any detail as to the specific findings of any of the DDS doctors. The Commissioner argues that the ALJ considered all the evidence because the ALJ qualified his finding with the following statement:

> In making this finding, I considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

6

evidence and other evidence based on the requirements of 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p. I have also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, and 96-6p.

While the court has no evidence to dispute the Commissioner's argument that the ALJ examined the entire record, the ALJ is required to do more than just examine the entire record. The ALJ must "explicitly indicate the weight given to all the relevant evidence," and he failed to do so in this case.

The court has reviewed the record and finds that there are several doctor reports and opinions that were not addressed by the ALJ. The plaintiff visited several different doctors between 2001 and 2006 for her back pain and bladder problems. Additionally, the plaintiff met with two different disability determination services (DDS) physicians in March 2004 and September 2004, each of whom performed a physical residual functional capacity assessment (PRFC) of the plaintiff. The court acknowledges that some of the doctors' reports are probably not relevant and that some of the reports may not dispute the ALJ's finding that the plaintiff is capable of performing past relevant work; however, the court finds that there are several doctors' opinions discussing the plaintiff's back pain and bladder problems that appear to be relevant but were never discussed in the ALJ's report.

The plaintiff visited Dr. Richard B. McAdam in May 2001, and from October 2003 through January 2004. In October 2003, Dr. McAdam performed surgery on the plaintiff to remove a cyst, later determined to be schwannoma, that may have been causing some of the plaintiff's back pain. Dr. McAdam also monitored her post-surgery recovery until January 2004, when he referred the plaintiff to Dr. Ross. During the plaintiff's final visit in January 2004, Dr. McAdam conducted a neurological examination of the plaintiff regarding her post-surgical

complaints of upper lumbar paraspinal discomfort and numbness in her right leg. Dr. McAdam found the examination to be normal, but was concerned that the plaintiff was progressively becoming housebound and not doing any activities. The plaintiff also visited Dr. Tushar Gajjir, a pain management specialist, from September 2003 through August 2005 for lower back pain and right posterior thigh pain. Dr. Gajjir administered trigger point injections on several occasions and the plaintiff reported improvement and a reduction in pain following those injections; however, the pain kept returning. The plaintiff also visited Dr. Natalie Barron from September 2002 through January 2006 for her back pain. Dr. Barron referred the plaintiff to physical therapy for her back pain, as well as to a gynecologist for her rectal pain. The plaintiff was in physical therapy at Tidewater Physical Therapy in January 2003, from March to June 2004, from July 2004 through March 2005, and from May to August 2006. Finally, the plaintiff visited Dr. Rebecca Ryder in March and April 2006 for her bladder pain. The plaintiff visited all of these doctors after her October 2003 surgery through April 2006 for treatment for either back or bladder pain, yet none of these doctors' reports or findings were referenced or mentioned in the ALJ's report. The ALJ also indicated that the DDS physicians' findings supported his conclusion and he gave those opinions significant weight, but it is unclear from the ALJ's report how much weight or credit he gave to each of the DDS physicians' findings in light of these doctors' opinions, some of which are more recent than the DDS physicians' reports. Therefore, the court is unable to determine whether the ALJ's finding that the plaintiff is capable of performing past relevant work is supported by substantial evidence because it is uncertain that the ALJ considered all the relevant evidence or the weight the ALJ attributed to that evidence.

## Conclusion

The court has thoroughly reviewed the Report of the Magistrate Judge and the Commissioner's objection to the Report, as well as the record submitted to the Magistrate Judge, and the memoranda in support of and in opposition to the motions for summary judgment. Upon conducting a de novo review of the entire record, including the portions of the Report to which the Commissioner objects, the court finds, for the reasons stated herein and in greater detail in the Report, that the court is unable to determine whether the ALJ's finding that the plaintiff is capable of performing past relevant work is supported by substantial evidence. The ALJ is required to explicitly indicate how much weight he gave to all of the relevant evidence, and until he does so, the court is unable to determine whether the finding that the plaintiff is not disabled should be affirmed. Therefore, the court adopts the Magistrate Judge's recommendation, and **DEFERS** a finding on the plaintiff's and Commissioner's motions for summary judgment. The case is **REMANDED** to the ALJ for further explanation as to how he arrived at his determination that the plaintiff is capable of performing past relevant work by identifying all relevant evidence from the experts and facts related to that determination and the weight he attributed to that evidence.

The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record for the parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
United States District Judge

Norfolk, Virginia
March 5, 2009